RENDERED: NOVEMBER 8, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1136-MR

CHASTITY ELLISON                                          APPELLANT

|  |  |
|---|---|
|  | APPEAL FROM KENTON CIRCUIT COURT |
|  | FAMILY COURT DIVISION |
| v. | HONORABLE TERRI KING SCHOBORG, JUDGE |
|  | ACTION NO. 21-CI-01554 |

WAYNE ELLISON                                             APPELLEE

## OPINION AND ORDER
## DISMISSING

** ** ** ** **

BEFORE: ECKERLE, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Chastity Ellison appeals from a July 25, 2023, Order entered by the Kenton Circuit Court, Family Court Division (family court), setting aside, *nunc pro tunc*, a Qualified Domestic Relations Order (QDRO) entered by the

family court on January 11, 2023.[1] For the reasons stated, we dismiss this appeal as being interlocutory.

The marriage of Chastity and Wayne Ellison was dissolved by decree entered by the Kenton Family Court on April 15, 2022. The parties had been married for slightly more than three years. Under the Separation Agreement entered into by the parties, the marital interest of Wayne's 401K account would be divided equally pursuant to a QDRO that the parties would agree to tender to the court. The family court entered the QDRO on January 11, 2023. Wayne believed that the marital interest of the 401K account was $75,903.30, plus any investment earnings. However, the QDRO language apparently allowed a distribution to Chastity from Wayne's nonmarital funds. On February 3, 2023, the plan administrator distributed to Chastity the sum of approximately $164,000, substantially more than provided for under the terms of the Separation Agreement. Thereafter, Wayne filed on February 14, 2023, a Kentucky Rules of Civil Procedure (CR) 60.01 motion to set aside the QDRO and obtain reimbursement of the funds overpaid to Chastity from the 401K. Following an evidentiary hearing conducted on April 10, 2023, June 5, 2023, and June 26, 2023, the family court

---

[1] Counsel for Chastity Ellison filed a notice of bankruptcy with this Court on October 4, 2023. The bankruptcy was filed on September 25, 2023, three days before this appeal was filed. Based on our review, the automatic stay provisions of 11 United States Code § 362 do not apply to this case. Notwithstanding, the bankruptcy was dismissed by the United States Bankruptcy Court for the Southern District of Ohio on July 9, 2024.

concluded in its July 25, 2023, Order, that the QDRO did not clerically comport with the Separation Agreement, resulting in a "windfall" payment to Chastity under the QDRO.[2]

In its July 25, 2023, Order, the family court held:

> It is the opinion of this Court that [Chastity] was unjustly enriched by the execution of the QDRO which the court declares void as to the parties. The Court concludes as a matter of law that a determination needs to be made as to the value of [Wayne's] non-marital interest in his 401K account, including the appreciation in the value of those funds. Such calculation should be performed by someone . . . with expertise in that area.

Order at 13.

Due to that holding, the family court granted Wayne's motion to set aside the QDRO and issued the following directives, in relevant part:

> 2. Within ten (10) days from the entry of this Order, the parties are directed to agree upon an expert to calculate the value of [Wayne's] non-marital interest in his 401K account and similarly the value of the marital interest in in [Wayne's] 401K account, including the appreciation in value for both [Wayne's] non-marital interest and the marital interest.
>
> 3. [Wayne] and [Chastity] shall share the cost of the services of such expert.

---

[2] The motion filed by Wayne Ellison actually references Kentucky Rules of Civil Procedure (CR) 60.02. However, following the evidentiary hearing, the family court concluded that the motion was properly filed under CR 60.01, as the Qualified Domestic Relations Order contained a clerical mistake that was inconsistent with the agreement of the parties as set out in their Separation Agreement.

4. Upon the determination of the value of the marital interest in [Wayne's] account which should have been equally divided between the parties, [Wayne] shall be entitled to a Lump Sum Judgment in the amount of the difference between fifty percent (50%) of the marital portion which [Chastity] should have received and the amount that was transferred by QDRO to [Chastity].

Order at 13.

The family court concluded that Chastity was liable to Wayne for unjust enrichment as a result of a clerical mistake in the QDRO. The court could not determine the amount of money Chastity was required to reimburse Wayne as a result of the improper distribution from Wayne's 401K, pending the parties compliance with the court's directives set out in the Order. Additionally, the court's July 25, 2023, Order did not recite that it was "final" and that there was "no just reason for delay," as required by CR 54.02(1). On its face, the Order was interlocutory and not appealable.

However, upon entry of the July 25, 2023, Order setting aside the QDRO, Chastity moved the family court on August 3, 2023, to amend the Order. Chastity also requested that the Order be vacated pursuant to CR 59.05. By Order entered August 17, 2023, the family court denied the motion, stating in relevant part:

1. [Chastity's] motion to amend the Court's Order of July 25, 2023[,] and for other relief is OVERRULED.

-4-

2. This Order shall be final and appealable and there is no just reason for delay.

Order at 1. Chastity then filed this appeal.

The primary issue Chastity raises on appeal is the propriety of the family court setting aside the QDRO and the determination that she is liable to Wayne for unjust enrichment as a result of the overpayment from Wayne's 401K account. As noted, however, the family court only adjudicated *part* of that claim – liability and not damages. In other words, the claim was not adjudicated in full. A judicial determination that adjudicates only part of a claim is not appealable, even if the order it arises from recites the necessary language set forth in CR 54.02. *See Tax Ease Lien Invs. 1, LLC v. Brown*, 340 S.W.3d 99, 102 (Ky. App. 2011).

Notwithstanding, Chastity argues that the family court's August 17, 2023, Order amended the July 25, 2023, Order to render that earlier order final and appealable. We disagree. In *Brown*, this Court explained that if the finality recitations do not appear in the judgment itself, a subsequent order revising the judgment "must specifically incorporate finality language in the judgment." *Id.* at 104. Here, paragraph "2" of the family court's August 17, 2023, Order did not do that; by its own plain language, the August 17, 2023, Order merely designated that order as being final and appealable. An order denying a motion to alter, amend, or vacate (a CR 59.05 motion) is never final and appealable – regardless of whether the order includes the CR 54.02 finality language, or whether the motion was

-5-

brought under the auspices of CR 54.02 or CR 59.05. *See Brown*, 340 S.W.3d at 103. And, a lower court has no authority to reconsider an interlocutory order under CR 59.05. *Id.*

In summation, the family court's July 25, 2023, Order is a nonappealable, interlocutory order and this Court lacks jurisdiction to review the same. Therefore, the appeal is DISMISSED.

ALL CONCUR.

ENTERED: __NOV 0 8 2024__

_____
JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Jeffrey O. Casazza
Florence, Kentucky

BRIEF FOR APPELLEE:

Jacqueline S. Sawyers
Fort Mitchell, Kentucky

-6-